FILED
CLERK, U.S. DISTRICT COURT
SEP - 2 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES L. WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>BEN CURRY,<br><br>Respondent. | Case No. CV 08-05107 JSL (AN)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING UNAUTHORIZED SECOND OR SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

**I. Background**

On August 5, 2008, petitioner James L. Williams ("Petitioner"), a state prisoner proceeding *pro se*, filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") seeking relief from his current state custody arising from his underlying 1996 conviction for burglary, grand theft, and credit card fraud offenses, and his related prison sentence of twenty-six years, four months to life, that he sustained after a jury trial in the Los Angeles County Superior Court (case no. LA021463) ("1996 Conviction and Sentence"). (Petition at 2.)

///

///

The Court finds it lacks jurisdiction to consider the pending Petition, and that it must be dismissed, because it is an unauthorized second or successive petition.

Specifically, the Court's records[1] establish the pending Petition constitutes Petitioner's *second* attempt to obtain federal habeas corpus relief from his current state custody arising from his 1996 Conviction and Sentence. On January 3, 2000, Petitioner filed his first petition with this Court seeking federal habeas review of his 1996 Conviction and Sentence on six grounds. (*James Lamonte Williams v. Larry Small, Warden,* case no. CV 00-00028 JSL (AN) (C.D. Cal.) ("*Williams I*")). After finding all six grounds lacked merit, the Court entered its judgment dismissing *Williams I* with prejudice. (*Williams I*, Report and Recommendation (docket no. 26) and Judgment entered 9/13/05 (docket no. 29).) Petitioner appealed the Court's judgment in *Williams I* (docket no. 30) and requested a certificate of appealability ("COA") (docket no. 31), however, both this Court and the Court of Appeals for the Ninth Circuit denied the COA. (See Orders denying COA (docket nos. 32 and 36).) Petitioner has neither alleged nor shown the Ninth Circuit has authorized him to file the pending Petition, and the records of the Ninth Circuit also confirm that Petitioner has never sought and been granted such an authorization.

## II. Discussion

The United States Supreme Court recently explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the

---

[1] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980).

appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart,* 549 U.S. 147, ---, 127 S. Ct. 793, 796-99 (2007). A petition constitutes a second or successive petition that is subject to § 2244 (b)'s gate keeping requirements where it contests the same custody imposed by the same state judgment of conviction that was the subject of an earlier petition that raised claims that were dismissed on the merits by the district court. *Burton,* 127 S.Ct. at 796-798. A district court lacks jurisdiction to consider a second or successive petition, and must dismiss it, if the appropriate circuit court has not authorized the petitioner to file a second or successive petition. *Burton, id.*

In light of the foregoing authority, the Court finds the pending Petition is a second or successive petition to the prior petition in *Williams I* that was dismissed on the merits with prejudice. Petitioner's state custody arising from his 1996 Conviction and Sentence is the subject of both the pending Petition and the petition in *Williams I.* The pending Petition raises two new sentencing error claims that do not satisfy either of the two grounds in § 2244(b)(2). Moreover, Petitioner has neither sought or obtained authorization from the Ninth Circuit to raise these new claims in a second or successive petition filed with this Court. Accordingly, the Court finds it lacks jurisdiction to consider the pending Petition, and must dismiss it, because it is an unauthorized second or successive petition. § 2244(b)(2); *Burton, id.*

///

### III. Conclusion

For the reasons discussed above, the reference to the Magistrate Judge is vacated and the Petition is dismissed without prejudice. The Clerk is directed to enter the judgment dismissing the Petition. Any and all other pending motions are terminated.

IT IS SO ORDERED.

Dated: __August 27_, 2008      *Spencer Letts*

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

Presented by:

   /s/   ARTHUR NAKAZATO
Arthur Nakazato
United States Magistrate Judge